**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| TSG8 SDB GROUP HOLDINGS, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>FERNANDO DE LEON, individually and in his capacity as trustee of the DE LEON 2020 IRREVOCABLE TRUST, LCG2 INVESTMENTS, LLC, LCG ALTERNATIVE HOLDINGS, LLC, LCG VARDIMAN BLACK, LLC, LHP DENTAL HOLDINGS, LLC, LEON CAPITAL GROUP, LLC, CHRISTOPHER SCALES, DANIEL HARRINGTON, and STUART MICHAEL SCHWARTZ,<br><br>Defendants. | ) | C.A. No. ________________ |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Fernando De Leon ("Removing Defendant"), by and through his undersigned counsel, hereby gives notice that he is removing the above-captioned case from the Superior Court of the State of Delaware, New Castle County, to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (the "Notice of Removal").[1] In support of this Notice of Removal, Mr. De Leon states the following:

## I. INTRODUCTION

1. On May 23, 2025, Plaintiff TSG8 SDB Group Holdings L.P. ("TSG" or "Plaintiff") filed a complaint against Leon Capital Group, LLC, Christopher Scales, Daniel Harrington, Stuart Michael Schwartz, and John Does 1–10 in the Superior Court of the State of Delaware.

---

[1] For the avoidance of doubt, Defendant Fernando De Leon does not waive—and expressly preserves—all rights to contest personal jurisdiction

2. On March 27, 2026, TSG filed an Amended Complaint, adding as defendants and asserting claims against Fernando De Leon, individually and in his capacity as trustee of the De Leon 2020 Irrevocable Trust, LCG2 Investments, LLC, LCG Alternative Holdings, LLC, LCG Vardiman Black, LLC, and LHP Dental Holdings, LLC, and removing the John Doe defendants.

3. Mr. De Leon received a copy of the Amended Complaint, which was filed on March 27, 2026. This Notice of Removal is filed on March 31, 2026, which is within 30 days after Mr. De Leon received the copy of the Amended Complaint. Accordingly, this Notice of Removal is timely filed within the 30 days allowed for removal by 28 U.S.C. § 1446(b)(1).

4. This Notice of Removal is filed within one year of commencement of the action in compliance with 28 U.S.C. § 1446(c)(1).

5. In accordance with 28 U.S.C. § 1446(a), Mr. De Leon has attached to this Notice of Removal a "copy of all process, pleadings, orders, and other papers or exhibits of every kind" on file in the state court action. The Amended Complaint is attached hereto as Exhibit 1 and all other papers are included as Exhibit 2.

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

7. Removal of this action is proper under 28 U.S.C. § 1332 because both the complete diversity of citizenship requirement and the amount in controversy requirement are satisfied.

### A. The Diversity of Citizenship Requirement Is Satisfied

8. Section 1332(a) requires diversity of citizenship, which is established when a civil suit is between citizens of different states and no plaintiff is a citizen of the same state as any defendant. *Id.* § 1332(a)(1); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, complete diversity exists because Plaintiff and Defendants are citizens of different states.

#### 1. Defendants

9. **Fernando De Leon** is a resident and domiciliary of Texas, and therefore a citizen of Texas. In his capacity as trustee of the De Leon 2020 Irrevocable Trust, which was created under Texas law on July 23, 2020, De Leon is likewise a citizen of Texas for diversity purposes, as the citizenship of a trust is determined by the citizenship of the trustee.

10. **Leon Capital Group, LLC** is a Texas limited liability company headquartered in Dallas, Texas. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *See Zambelli Fireworks*, 592 F.3d at 420 ("[T]he citizenship of an LLC is determined by the citizenship of each of its members."). At the time the amended complaint was filed and at the time of removal, Fernando De Leon was Leon Capital Group's sole member and manager. Leon Capital Group is therefore a citizen of Texas.

11. **LCG2 Investments, LLC** is a Texas limited liability company headquartered in Dallas, Texas. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Id.* LCG2 Investments, LLC's members are the De Leon 2020 Irrevocable Trust, the Patricia De Leon 2022 Irrevocable Trust, and LCG2 Investments Manager, LLC. LCG2 Investments Manager, LLC's only members are the De Leon 2020 Irrevocable Trust and the Patricia De Leon 2022 Irrevocable Trust. The trustees of both the

De Leon 2020 Irrevocable Trust and the Patricia De Leon 2022 Irrevocable Trust are citizens of Texas. LCG2 Investments, LLC is therefore a citizen of Texas.

12. **LCG Alternative Holdings, LLC** is a Texas limited liability company headquartered in Dallas, Texas. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Id.* LCG Alternative Holdings, LLC's only members are LCG2 Investments, LLC and LCG2 Investments Manager, LLC. As discussed in Paragraph 11 above, the members of both LCG2 Investments, LLC and LCG2 Investments Manager, LLC are citizens of Texas. LCG Alternative Holdings, LLC is therefore a citizen of Texas.

13. **LCG Vardiman Black, LLC** is a Texas limited liability company headquartered in Dallas, Texas. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Id.* LCG Vardiman Black, LLC's sole member is LHP Investment Holdings, LLC. LHP Investment Holdings, LLC's sole member is the De Leon 2020 Irrevocable Trust. As described in Paragraph 9 above, the De Leon 2020 Irrevocable Trust is a citizen of Texas. LCG Vardiman Black, LLC is therefore a citizen of Texas.

14. **LHP Dental Holdings, LLC** is a Delaware limited liability company headquartered in Dallas, Texas. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Zambelli Fireworks*, 592 F.3d at 420. LHP Dental Holdings LLC's sole member is LCG Vardiman Black, LLC. As described in Paragraph 13 above, LCG Vardiman Black, LLC is a citizen of Texas. Accordingly, LHP Dental Holdings, LLC is a citizen of Texas for purposes of 28 U.S.C. § 1332.

15. **Christopher Scales** is a resident and domiciliary of Tennessee. Mr. Scales is therefore a citizen of Tennessee.

16. **Daniel Harrington** is a resident and domiciliary of Tennessee. Mr. Harrington is therefore a citizen of Tennessee.

17. **Stuart Michael Schwartz** is a resident and domiciliary of Michigan. Mr. Schwartz is therefore a citizen of Michigan.

18. In summary, the Defendants are citizens of Texas, Tennessee, and Michigan.

**2. Plaintiff**

19. **Plaintiff TSG8 SDB Group Holdings L.P**. is a Delaware limited partnership. For purposes of diversity jurisdiction, a limited partnership takes the citizenship of its general and limited partners. *Zambelli Fireworks*, 592 F.3d at 420 ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or member."). Plaintiff is a subsidiary of private equity firm TSG Consumer Partners L.P., a Delaware limited partnership that is headquartered in California. Plaintiff's corporate structure is private,[2] but Removing Defendant has reviewed publicly available sources—including court filings, press releases, organizational documents, and commercial databases—to ascertain the identity of Plaintiff's partners. Despite this diligent investigation, the membership structure of TSG remains opaque, as TSG is a private investment fund that does not publicly disclose the identities of its partners. All entities located that appear to be related to TSG are Delaware or California entities. On information and belief, and after a reasonable attempt to determine the identities and citizenships of TSG's

[2] In the Amended Complaint, Plaintiff alleges only that it "is a Delaware limited partnership and an investment vehicle that is managed for the benefit of its limited partners, which include public and private pension funds, university endowments, non-profit organizations, and other organizations." Ex. 1, Am. Compl. ¶ 12.

partners, Removing Defendant does not believe that any of TSG's general or limited partners is a citizen of the State of Texas, the State of Tennessee, or the State of Michigan. *See Ferrari v. Forbes* Media LLC, No. CV 25-12-GBW, 2025 WL 860064, *2 (D. Del. Mar. 19, 2025) ("[I]f the defendant is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the plaintiff limited liability company, that the defendant is diverse from all of those members of the plaintiff limited liability company, defendant's notice of removal will survive a facial challenge to subject-matter jurisdiction." (internal quotation marks omitted) (cleaned up)).[3]

### B. The Amount in Controversy Requirement Is Satisfied

20. The amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied because the amount in controversy exceeds $75,000, exclusive of interest and costs. TSG seeks to recover $349 million in damages. *See* Ex. 1, Amended Complaint, at ¶ 11.

## III. MR. DE LEON HAS SATISFIED ALL OTHER REQUIREMENTS FOR REMOVAL

21. In addition to demonstrating that this removal is timely and that diversity jurisdiction exists, Mr. De Leon has satisfied all other requirements for removal.

22. Consent. Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to removal. As of the date of this filing, the only defendants who have been served with the Amended Complaint are Leon Capital Group, LLC, Christopher Scales, Daniel Harrington, and Stuart Michael Schwartz. Leon Capital Group, LLC, Christopher Scales, Daniel Harrington, and Stuart Michael Schwartz consent to removal.

[3] Mr. De Leon reserves the right to seek limited jurisdictional discovery to further establish the citizenship of TSG's partners if Plaintiff challenges this Court's subject-matter jurisdiction.

23. Removal to Proper Court. As required by 28 U.S.C. § 1441(a), removal to the United States District Court for the District of Delaware is proper because it is the federal judicial district encompassing the Superior Court of the State of Delaware, New Castle County, where this suit was originally filed.

24. Notice to Parties and State Court. Pursuant to 28 U.S.C. § 1446(d), in addition to sending a copy of this Notice of Removal to Plaintiff, Mr. De Leon is filing notice in the Superior Court of the State of Delaware, New Castle County and serving Plaintiff with a separate document titled "Notice of Filing Notice of Removal to Federal Court."

25. WHEREFORE, Defendant De Leon removes this action from the Superior Court of the State of Delaware, New Castle County, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

*/s/ A. Thompson Bayliss*
A. Thompson Bayliss (#4379)
Eliezer Y. Feinstein (#6409)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807
(302) 778-1000
bayliss@abramsbayliss.com
feinstein@abramsbayliss.com

Dated: March 31, 2026

*Attorneys for Defendant Fernando De Leon*