IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TSG8 SDB GROUP HOLDINGS L.P., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 26-350-RGA |
| | : | |
| FERNANDO DE LEON, individually and in | : | |
| his capacity as trustee of the DE LEON 2020 | : | |
| IRREVOCABLE TRUST, LCG2 | : | |
| INVESTMENTS, LLC, LCG | : | |
| ALTERNATIVE HOLDINGS, LLC, LCG | : | |
| VARDIMAN BLACK, LLC, LHP DENTAL | : | |
| HOLDINGS, LLC, LEON CAPITAL | : | |
| GROUP, LLC, CHRISTOPHER SCALES, | : | |
| DANIEL HARRINGTON, and STUART | : | |
| MICHAEL SCHWARTZ, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**EXECUTIVE DEFENDANTS' ANSWER AND DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Christopher Scales, Daniel Harrington, and Michael Schwartz ("Executive Defendants"), by and through their undersigned counsel, hereby respond to the Amended Complaint filed by Plaintiff TSG8 SDB Group Holdings L.P. ("TSG" or "Plaintiff").

Except as expressly admitted herein, the Executive Defendants deny each and every allegation in the Amended Complaint, including any allegations in the Amended Complaint's introductory paragraph, headings, footnotes, and/or any documents incorporated by reference therein, and specifically deny any liability to Plaintiff. Unless otherwise defined herein, capitalized terms have the meanings assigned to such terms in the Amended Complaint for convenience, but the Executive Defendants' use of any such terms for convenience in responding to the Amended Complaint should not be construed as an admission that the Executive Defendants

agree with how the Amended Complaint defined such terms.  The Executive Defendants expressly reserve their rights to amend or supplement their Answer, including their right to assert additional defenses that become available or apparent during the course of this litigation.

**ANSWER**

1.    To the extent Paragraph 1 characterizes or purports to describe actions or knowledge of Leon Capital Group, LLC ("LCG") or Fernando De Leon, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 1 and, on that basis, deny them. The Executive Defendants deny the remaining allegations in Paragraph 1.

2.    The Executive Defendants deny the allegations set forth in Paragraph 2, except to admit only that LCG was one of the founding members of SDB which is a nationwide platform of specialty dental practices founded in 2017. To the extent Paragraph 2 characterizes or purports to describe actions or knowledge of LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 2 and, on that basis, deny them. The Executive Defendants deny the remaining allegations in Paragraph 2.

3.    The Executive Defendants deny the allegations in Paragraph 3 and specifically deny that they inflated, falsified or manipulated information or made any false representations as alleged in Paragraph 3.

4.    The Executive Defendants deny the allegations in Paragraph 4 and specifically deny that they misrepresented material facts about SDB to TSG.

5.    The Executive Defendants deny the allegations in Paragraph 5.

6.    The Executive Defendants admit only that Plaintiff agreed in July 2022 to invest $328 million to acquire a minority stake in SDB. To the extent Paragraph 6 purports to characterize

or describe actions or knowledge of LCG, De Leon, or LBMC, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 6 and, on that basis, deny them. The Executive Defendants deny the remaining allegations in Paragraph 6.

7.    The Executive Defendants admit only that Plaintiff made additional investments in the summer of 2023 in the amounts described in Paragraph 7 and that TSG exited its investment in March 2024 as part of a restructuring. The Executive Defendants deny the remaining allegations in Paragraph 7. The Executive Defendants object to Plaintiff's use of and reference to privileged materials created as part of the investigation undertaken by Ropes & Gray and Alvarez & Marsal. The Executive Defendants reserve all rights to move to strike allegations relying on or disclosing such privileged materials in the event that Plaintiff refuses to voluntarily amend the Complaint.

8.    The Executive Defendants admit that Plaintiff filed the action referenced in Paragraph 8 on November 26, 2024 in Tennessee Chancery Court, and that the Tennessee court dismissed the Tennessee action as to the Executive Defendants in an order dated May 12, 2025, which order speaks for itself. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 as to Plaintiff's subjective intent in filing the action and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 8.

9.    The Executive Defendants admit that Plaintiff refiled its Complaint against LCG and the Executive Defendants in the Delaware Superior Court on May 23, 2025, which Complaint speaks for itself.  The Executive Defendants also admit that this action was subsequently removed to this Court.  To the extent the allegations in Paragraph 9 purport to quote from or characterize documents filed in this action or communications with LCG, those documents and

communications speak for themselves, and the Executive Defendants deny any characterization of those documents and communications and any allegations that are inconsistent with the content of those documents and communications and respectfully refer the Court to those documents and communications for a complete and accurate description of their contents. To the extent Paragraph 9 purports to describe communications of individuals at or counsel for LCG in which the Executive Defendants were not involved, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 9 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 9.

10.    To the extent the allegations in Paragraph 10 purport to quote from or characterize documents filed or produced in this action or communications with LCG, those documents and communications speak for themselves, and the Executive Defendants deny any characterization of those documents and communications and any allegations that are inconsistent with the content of those documents and communications and respectfully refer the Court to those documents and communications for a complete and accurate description of their contents. To the extent Paragraph 10 purports to describe communications of individuals at or counsel for LCG in which the Executive Defendants were not involved, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 10 and, on that basis, deny them. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 as to Plaintiff's knowledge and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 10.

11.    The allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, the Executive Defendants deny that Plaintiff is

4

entitled to any recovery as alleged in Paragraph 11 and throughout the Complaint. The Executive Defendants deny all other allegations in Paragraph 11.

## THE PARTIES

12.     The Executive Defendants admit that TSG is a Delaware limited liability partnership. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and, on that basis, deny them.

13.     The Executive Defendants deny that Fernando De Leon "controll[ed] and direct[ed] all actions concerning" SDB.  The allegations in Paragraph 13 state legal conclusions to which no response is required.  The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, on that basis, deny them. To the extent the allegations in Paragraph 13 purport to describe ownership rights in SDB or any other entity, the Executive Defendants deny any characterization of the governing documents of those entities and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to those governing documents for a full description of ownership rights.

14.     Scales admits that Defendant LCG2 Investments is a Texas limited liability company headquartered in Dallas, Texas, but Harrington and Schwartz lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Defendant LCG2 Investments.  To the extent the allegations in Paragraph 14 purport to describe ownership rights in SDB or any other entity, the Executive Defendants deny any characterization of the governing documents for those entities and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to those governing documents for a full description of ownership rights.  The Executive Defendants lack knowledge or information

5

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis deny them.

15.     To the extent the allegations in Paragraph 15 purport to describe ownership rights in SDB or any other entity, the Executive Defendants deny any characterization of the governing documents for those entities and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to those governing documents for a full description of ownership rights. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and on that basis deny them.

16.     Scales admits that Defendant LCG Vardiman Black is a Texas limited liability company formed in 2016 and headquartered in Dallas, Texas, but Harrington and Schwartz lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Defendant LCG Vardiman Black.  To the extent the allegations in Paragraph 16 purport to describe ownership rights in SDB or any other entity, the Executive Defendants deny any characterization of the governing documents for those entities and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to those governing documents for a full description of ownership rights.  The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis deny them.

17.     Scales admits that Defendant LHP Dental Holdings is a Delaware limited liability company formed by LCG in January 2022 and headquartered in Dallas, Texas, but Harrington and Schwartz lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Defendant LHP Dental Holdings.  To the extent the allegations in Paragraph 17 purport to

6

describe ownership rights in SDB or any other entity or the MIPA, the Executive Defendants deny any characterization of SDB's or any other entity's governing documents or the MIPA and any allegations that are inconsistent with the content of those governing documents or the MIPA and respectfully refer the Court to those governing documents and the MIPA. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis deny them.

18.     Scales admits that Defendant LCG is a Texas limited liability company founded by Fernando De Leon and headquartered in Dallas, Texas, but Harrington and Schwartz lack knowledge or information sufficient to form a belief as to the truth of the allegations as to Defendant LCG. The Executive Defendants also admit that Hunter Dallas was an LCG employee who worked in connection with LCG's investment in SDB. To the extent the allegations in Paragraph 18 purport to describe ownership rights in LCG, the Executive Defendants deny any characterization of LCG's governing documents and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to LCG's governing documents for a full description of ownership rights. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 18 and on that basis deny them.

19.     The Executive Defendants admit the allegations contained in Paragraph 19.

20.     The Executive Defendants admit the allegations contained in Paragraph 20.

21.     The Executive Defendants admit the allegations contained in Paragraph 21.

<strong>JURISDICTION AND VENUE</strong>

22.     Paragraph 22 states a legal conclusion, and no response is required. To the extent a response is required, the Executive Defendants do not presently contest this Court's subject matter jurisdiction over this action.

23.    Paragraph 23 states a legal conclusion, and no response is required.

24.    Paragraph 24 states legal conclusions, and no response is required. To the extent the allegations in Paragraph 24 purport to reference or characterize the MIPA executed on July 20, 2022, the MIPA speaks for itself, and the Executive Defendants deny any characterization of the MIPA and any allegations that are inconsistent with the contents of the MIPA and respectfully refer the Court to the MIPA for a complete and accurate description of its contents. To the extent a response is required, the Executive Defendants do not presently contest that this Court has personal jurisdiction over them.

25.    Paragraph 25 states legal conclusions, and no response is required. To the extent the allegations in Paragraph 25 purport to reference or characterize the MIPA executed on July 20, 2022, the MIPA speaks for itself, and the Executive Defendants deny any characterization of the MIPA and any allegations that are inconsistent with the contents of the MIPA and respectfully refer the Court to the MIPA for a complete and accurate description of its contents. The Executive Defendants deny all other allegations in Paragraph 25.

26.    Paragraph 26 states legal conclusions, and no response is required. To the extent Paragraph 26 purports to describe actions of Fernando De Leon or individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 26 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 26.

## FACTUAL BACKGROUND

### I.    Leon Co-Founds SDB, Develops Its Growth-Based Business Model, and Exercises Control Over the Operations of the Company

27.    The Executive Defendants admit that SDB was co-founded in 2017 by LCG and Scales, among others, and that SDB originally involved a dental practice operating out of real

8

estate owned by LCG in Dallas, Texas. To the extent Paragraph 27 purports to describe communications by individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those communications in Paragraph 27 and, on that basis, deny them. To the extent that the allegations in footnote 3 of Paragraph 27 purport to characterize the terms of a Restructuring Support Agreement dated December 20, 2023, the Executive Defendants respectfully refer the Court to that agreement for a complete and accurate description of its contents, and the Executive Defendants deny any characterization of that agreement and any allegations that are inconsistent with the terms of that agreement. The Executive Defendants admit that TSG exercised an information right to obtain certain documents from SDB but deny that any such documents support TSG's allegations in the Complaint. The Executive Defendants deny all other allegations in Paragraph 27.

28. The Executive Defendants deny the allegations set forth in Paragraph 28, except to admit only that SDB was founded as a dental support organization based in Nashville that would eventually acquire partner specialty dental practices across the country in pediatrics, oral surgery and orthodontics. The Executive Defendants specifically deny that the founding of SDB was to avoid any outcome as alleged in Paragraph 28 and that Scales could be controlled by Dallas and De Leon. Scales further denies that Scales was selected as an executive for SDB because he was a personal friend of Dallas or that he was beholden to LCG or De Leon, and Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of Scales's selection as an executive in Paragraph 28 and, on that basis, deny those allegations. The Executive Defendants deny all other allegations in Paragraph 28.

29. The Executive Defendants admit SDB is a non-professional entity that provides support functions to dental practices it acquires. The Executive Defendants admit the general

9

description of what a DSO provides to dental practices, but deny that this description comprehensively describes all services provided by SDB.

30.    The Executive Defendants admit SDB grew in part through acquisition of new dental practices, but deny that Paragraph 30 sets forth a comprehensive description of SDB's business model. The Executive Defendants deny the remaining allegations in Paragraph 30. The Executive Defendants also object to the extent the term "leading role" is vague.

## II.    Leon Capital Group Is Run as a Single Operation under Fernando De Leon's Control

31.    Paragraph 31 purports to describe actions of Fernando De Leon or individuals at LCG, and the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 31 and, on that basis, deny them.

32.    The Executive Defendants deny that Fernando De Leon "controll[ed] and direct[ed] all actions concerning" SDB.  The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and, on that basis, deny them.

### A.    From 2020 Through the Closing of TSG's Investment in SDB, the Trust, LCG2 Investments, and LCG Alternative Holdings Own SDB Through LCG Vardiman Black

33.    To the extent the allegations in Paragraph 33 purport to describe ownership rights in SDB or any other entity, the Executive Defendants deny any characterization of the governing documents for those entities and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to those governing documents for a full description of ownership rights. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and footnote 4 and, on that basis, deny them.

10

34. To the extent the allegations in Paragraph 34 purport to describe ownership rights in SDB or any other entity, the Executive Defendants deny any characterization of the governing documents for those entities and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to those governing documents for a full description of ownership rights. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and, on that basis, deny them.

35. To the extent the allegations in Paragraph 35 purport to describe ownership rights in SDB or any other entity, the Executive Defendants deny any characterization of the governing documents for those entities and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to those governing documents for a full description of ownership rights. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 and, on that basis, deny them.

**B. Fernando De Leon Treats the Various Entities of His Family Office Involved in SDB as a Single Operation under His Control with Hunter Dallas Serving as His Right Hand**

36. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, deny them.

37. The Executive Defendants deny that Fernando De Leon "maintained complete control" over SDB in any manner. To the extent the allegations in Paragraph 37 purport to characterize content from governing documents including the LCG Vardiman Black Amended and Restated LLC Agreement, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete

11

and accurate description of their contents. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and, on that basis, deny them.

38.     The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, deny them.

39.     To the extent the allegations in Paragraph 39 purport to quote or characterize content from certain employment agreements, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and, on that basis, deny them.

40.     To the extent the allegations in Paragraph 40 and footnote 5 to Paragraph 40 purport to quote or characterize content from certain employment agreements, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and, on that basis, deny them.

41.     To the extent the allegations in Paragraph 41 purport to characterize content from certain employment agreements, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a

complete and accurate description of their contents. The Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41.

42.    To the extent the allegations in Paragraph 42 purport to characterize content from the governing documents of the listed entities, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the chart depicted and the allegations listed in Paragraph 42 describe relationships between and among other Defendants, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 42, and specifically deny that the chart in Paragraph 42 "depicts Leon Capital Group's . . . control of SDB."

### III.    Leon Capital Group Exercises Control Over the Operations of SDB

43.    To the extent the allegations in Paragraph 43 purport to describe ownership rights in SDB, the Executive Defendants deny any characterization of the governing documents of those entities and any allegations that are inconsistent with the content of those governing documents and respectfully refer the Court to those governing documents for a full description of ownership rights.  The Executive Defendants deny all remaining allegations in Paragraph 43.

44.    The Executive Defendants deny the allegations set forth in Paragraph 44, except to admit only that LCG sometimes participated in business development activities. The second sentence of Paragraph 44 purports to quote from or characterize a written communication between LCG and an employee of SDB that Plaintiff has not provided to Defendants; the Executive Defendants therefore lack sufficient knowledge and information to admit or deny the allegations contained in this sentence, and therefore deny them on that basis. To the extent the allegations in

13

Paragraph 44 purport to quote from or characterize content on LCG's website, that document speaks for itself, and the Executive Defendants deny any characterization of that document and any allegations that are inconsistent with the contents of that document and respectfully refer the Court to that document for a complete and accurate description of its contents. The Executive Defendants deny any remaining allegations in Paragraph 44.

45.    The Executive Defendants deny the allegations set forth in Paragraph 45 and specifically deny that Schwartz declined to change SDB's accounting model at Dallas' direction or that any of the Executive Defendants ever acted against the best interest of SDB because they were directed by Dallas to do so. The Executive Defendants admit only that Dallas was involved in certain activities at SDB, including activities related to operations, finance, and business development, for which Dallas received certain reports.  The third and fourth sentences of Paragraph 45 purport to quote from or characterize written communications between LCG and employees of SDB that Plaintiff has not provided to Defendants; the Executive Defendants therefore lack sufficient knowledge and information to admit or deny the allegations contained in this sentence, and therefore deny them on that basis. To the extent the allegations in Paragraph 45 purport to quote from or characterize content from documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.

46.    To the extent the allegations in Paragraph 46 purport to characterize content from documents including certain "service level agreements with SDB," those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the

Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny any remaining allegations in Paragraph 46.

47.     To the extent the allegations in Paragraph 47 purport to characterize content from documents including DI OpCo, LLC's governing documents or a service agreement with SDB, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny any remaining allegations in Paragraph 47.

48.     The Executive Defendants deny the allegations set forth in Paragraph 48 and specifically deny that the Executive Defendants were "Leon's willing pawns" or that the Executive Defendants at any point acted against the interest of SDB. To the extent the allegations in Paragraph 48 purport to quote from or characterize content from the documents governing SDB's and LCG's relationship, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.

## IV.    Leon Capital Group Ignores Latent Problems and Builds SDB for Its Own Short-Term Gain

49.     To the extent Paragraph 49 purports to describe the knowledge or understanding of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 49 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 49.

50.     The Executive Defendants admit that SDB used debt financing from Oxford Capital Group to help pay for its merger and acquisition activity, including "delayed draw term loans,"

though the Executive Defendants deny that the Leverage Ratio was calculated as alleged in Paragraph 50, but instead according to the defined terms in SDB's credit agreement with Oxford, the contents of which speak for itself. The Executive Defendants admit that generating revenue and acquiring quality dental practices is essential to SDB's business and access to credit, as it is for all DSOs. The Executive Defendants also admit that Dallas was involved in preparation of compliance materials for the Oxford DDTLs but deny the characterization of Dallas' involvement. To the extent the allegations in footnote 6 to Paragraph 50 purport to assert an expert opinion on accounting methodology, no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts in accounting that have been or will be retained in this Action.  The Executive Defendants deny all other allegations in Paragraph 50.

51.     The Executive Defendants deny the allegations set forth in Paragraph 51 and specifically deny that SDB did not grow necessary infrastructure to support practices SDB acquired or that SDB was not a sustainable DSO. The Executive Defendants admit only that SDB acquired a number of practices by year as identified in Paragraph 51 but deny the characterization of the rate of acquisition.

52.     The Executive Defendants deny the allegations set forth in Paragraph 52 and specifically deny that SDB acquired practices that did not generate as much revenue as LCG forecasted because there was "insufficient concern for the quality" at the time of acquisition.  To the extent Paragraph 52 purports to describe the actions or knowledge of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 52 and, on that basis, deny them.

53.     The Executive Defendants deny the allegations set forth in Paragraph 53. To the extent Paragraph 53 purports to describe the actions or knowledge of individuals at LCG, the

16

Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 53 and, on that basis, deny them.

54. The Executive Defendants deny the allegations set forth in Paragraph 54 and specifically deny that the Executive Defendants ever hid information from TSG during the diligence process. To the extent Paragraph 54 purports to describe the actions or knowledge of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 54 and, on that basis, deny them.

## V.    Leon Capital Group and the SDB Executives Use Accounting Tricks to Manipulate SDB's Reported Net Revenues by Assuming Artificially-Inflated Cash Collections

55. The Executive Defendants deny the allegations set forth in Paragraph 55. To the extent Paragraph 55 purports to describe the actions or intentions of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 55 and, on that basis, deny them.

56. The Executive Defendants deny the allegations set forth in Paragraph 56 and specifically deny that LCG or De Leon directed the Executive Defendants to manipulate or inflate SDB's reported net revenue or that the Executive Defendants ever engaged in this conduct to support a false valuation of SDB's business or otherwise. To the extent Paragraph 56 purports to describe the actions or intention of De Leon or other individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 56 and, on that basis, deny them.

57. To the extent the allegations in Paragraph 57 purport to assert an expert opinion on accounting requirements, no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts in accounting that have been or will be retained in this Action.  To the extent a response is required, the Executive Defendants deny the allegations in

17

Paragraph 57 as an incomplete and inaccurate description of SDB's business model, except to state that dental practices managed by SDB did agree to rates with third party payors and SDB did set reserve rates to account for a portion of revenue estimated to be not collectible in accordance with GAAP.

58.     To the extent the allegations in Paragraph 58 purport to assert an expert opinion on accounting methodology, no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts in accounting that have been or will be retained in this Action.  The Executive Defendants deny all other allegations in Paragraph 58.

59.     The Executive Defendants deny the allegations and characterizations set forth in Paragraph 59 and specifically deny that the Executive Defendants or SDB's management violated GAAP or that they incorrectly inflated SDB's revenue or that they incorporated false assumptions into SDB's financial statements. To the extent the allegations in Paragraph 59 purport to quote from or characterize content from documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 59 purport to assert an expert opinion on accounting methodology, no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts in accounting that have been or will be retained in this Action.

60.     The Executive Defendants deny the allegations set forth in Paragraph 60 and specifically deny that Schwartz deflated reserve rates based on false cash collection assumptions or that Schwartz or any of the Executive Defendants adopted incorrect accounting practices at the direction of Dallas. To the extent the allegations in Paragraph 60 purport to quote from or

18

characterize documents and/or communications, those document and/or communications speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.

61.    The Executive Defendants deny the allegations set forth in Paragraph 61.

62.    The Executive Defendants deny the allegations set forth in Paragraph 62.

63.    The Executive Defendants deny the allegations set forth in Paragraph 63. To the extent the allegations in Paragraph 63 purport to assert an expert opinion, no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts in accounting that have been or will be retained in this Action.

64.    To the extent the allegations in Paragraph 64 purport to assert an expert opinion, no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts in accounting that have been or will be retained in this Action.  To the extent that Paragraph 64 purports to allege a definition of "Days sales outstanding," the Executive Defendants deny as over-simplified and incomplete, particularly in the context of healthcare companies, and therefore defer to the opinion of experts in accounting that have been or will be retained in this Action.  The Executive Defendants deny all other allegations set forth in Paragraph 64.

65.    The chart in Paragraph 65 purports to present financial analysis based on documents that Plaintiff has not provided to Defendants; the Executive Defendants therefore lack sufficient knowledge and information to admit or deny the allegations contained in and resulting from the chart, and therefore deny them on that basis. The Executive Defendants deny all other characterizations and allegations in Paragraph 65.

66.     The Executive Defendants deny the allegations set forth in Paragraph 66. To the extent the allegations in Paragraph 66 purport to assert an expert opinion, no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts in accounting that have been or will be retained in this Action. To the extent Paragraph 66 purports to describe the actions or intention of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 66 and, on that basis, deny them.

67.     The Executive Defendants deny the allegations set forth in Paragraph 67. To the extent Paragraph 67 purports to describe the actions or intentions of individuals at LCG or at TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 67 and, on that basis, deny them.

## VI.     Leon Capital Group Enlists Jefferies to Market SDB at a Wildly Inflated Valuation and Targets TSG for a Fraudulent Sale

68.     The Executive Defendants admit only that LCG held an equity interest in SDB.  To the extent Paragraph 68 purports to describe actions or knowledge of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 68 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 68.

69.     The Executive Defendants admit only that LCG worked with Jefferies to market SDB for an equity sale to potential investors, including TSG, in 2021.  To the extent Paragraph 69 purports to describe actions, knowledge, or communications of individuals at LCG or Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 69 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 69.

20

70. To the extent Paragraph 70 purports to describe actions or communications of De Leon and individuals at LCG, Jefferies, or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 70 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 70.

71. To the extent Paragraph 71 purports to describe actions or communications of individuals at LCG, Jefferies, or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 71 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 71.

72. To the extent the allegations in Paragraph 72 purport to quote from or characterize an engagement letter with Jefferies, that document speaks for itself, and the Executive Defendants deny any characterization of that document and any allegations that are inconsistent with the contents of that document and respectfully refer the Court to that document for a complete and accurate description of its contents. To the extent Paragraph 72 purports to describe actions or communications of individuals at LCG or Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 72 and, on that basis, deny them. To the extent Paragraph 72 purports to allege an expert opinion as to "[a] typical sell-side fee," no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts that have been or will be retained in this Action. The Executive Defendants deny all other allegations in Paragraph 72.

73. The Executive Defendants deny the allegations in Paragraph 73, except to admit that the LCG executives were involved in addressing certain diligence inquiries from TSG and were involved in communications with Jefferies. To the extent the allegations in Paragraph 73 purport to quote from or characterize an engagement letter with Jefferies, that document speaks

for itself, and the Executive Defendants deny any characterization of that document and any allegations that are inconsistent with the contents of that document and respectfully refer the Court to that document for a complete and accurate description of its contents.  To the extent Paragraph 73 purports to describe actions or communications of individuals at LCG or Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 73 and, on that basis, deny them.

74.    The Executive Defendants admit only that SDB faced certain short-term liquidity shortages related to continued acquisitions, but deny that SDB faced liquidity shortages relating to operations. To the extent Paragraph 74 purports to describe actions or communications of individuals at LCG or Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 74 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 74.

75.    The Executive Defendants deny the allegations in Paragraph 75. To the extent Paragraph 75 purports to describe actions, communications, or "impression[s]" of individuals at LCG, Jefferies, or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 75 and, on that basis, deny them.

**VII.    During the Diligence Period, Leon Capital Group and the SDB Executives Intentionally Mislead TSG About Critical Aspects of SDB's Business Operations**

76.    The Executive Defendants deny the allegations in Paragraph 76.

**A.    Leon Capital Group and the SDB Executives Continue Manipulating SDB's Recorded Revenues by Knowingly Applying Inaccurate Assumptions**

77.    The Executive Defendants deny the allegations in Paragraph 77. To the extent the allegations in Paragraph 77 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully

refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 77 purports to describe actions or communications of Hunter Dallas, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 77 and, on that basis, deny them.

78.     The Executive Defendants deny the allegations in Paragraph 78. To the extent the allegations in Paragraph 78 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 78 purports to describe actions or communications of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 78 and, on that basis, deny them.

79.     To the extent the allegations in Paragraph 79 purport to characterize documents such as the "diligence information package Jefferies provided TSG," those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 79 purports to describe the actions, understanding, or "interest" of individuals at TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 79 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 79.

80.     The Executive Defendants deny the allegations in Paragraph 80.

23

### B.      Leon Capital Group and the SDB Executives Further Falsify SDB's Accounting Records

81.      To the extent Paragraph 81 purports to describe communications with Oxford in which the Executive Defendants were not involved, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 81 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 81, except to admit that SDB was able to draw additional funding from the DDTL in or around November 2021.

82.      The Executive Defendants admit that SDB increased the size of its credit facility twice in the fourth quarter of 2021 and that those funds were used in accordance with the terms of the specific draw request submitted to Oxford, which documents speak for themselves. The Executive Defendants further admit that SDB received funds from LCG in January 2022 to contribute to the closing of an acquisition and acquisition-related expenses paid for by SDB until the completion of credit upsizing, but the Executive Defendants lack knowledge or information sufficient to form a belief as to whether this constituted a "Bridge Loan," and on that basis, deny this characterization of the payment from LCG. To the extent Paragraph 82 purports to describe knowledge or understanding of individuals at TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 82 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 82.

83.      To the extent Paragraph 83 purports to describe actions or knowledge of LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 83 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 83.

24

84. The Executive Defendants deny the allegations in Paragraph 84. To the extent the allegations in Paragraph 84 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.

85. The Executive Defendants deny the allegations in Paragraph 85. To the extent the allegations in Paragraph 85 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 85 purports to describe "the last month of financials TSG saw before signing the MIPA," the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 85 and, on that basis, deny them.

86. The Executive Defendants deny the allegations in Paragraph 86. To the extent the allegations in Paragraph 86 purport to quote from or characterize communications between Harrington and Scales, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.

87. To the extent the allegations in Paragraph 87 purport to quote from or depict documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate

description of their contents.    In response to footnote 7, the Executive Defendants do not have information or knowledge as to what TSG received and, therefore, deny this allegation based on the same.

88.    The Executive Defendants deny the allegations in Paragraph 88.

89.    The Executive Defendants deny the allegations in Paragraph 89.  To the extent the allegations in Paragraph 89 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent the allegations in footnote 8 to Paragraph 89 purport to describe communications by Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in footnote 8 to Paragraph 89 and, on that basis, deny them.

90.    The Executive Defendants deny the allegations in Paragraph 90.  To the extent the allegations in Paragraph 90 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.

### C.    Leon Capital Group and the SDB Executives Prematurely Recognize Orthodontics Revenues

91.    The Executive Defendants deny the allegations in Paragraph 91.

92.    To the extent the allegations in Paragraph 92 purport to assert an expert opinion on accounting methodology, no response is required, and the Executive Defendants therefore deny the same and defer to the opinion of experts in accounting that have been or will be retained in this Action. To the extent the allegations in Paragraph 92 purport to characterize documents related to

26

"SDB's stated policy," those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 92.

93.    The Executive Defendants deny the allegations in Paragraph 93.

**D.    Leon Capital Group and the SDB Executives Misrepresent Core Measures of SDB's Acquisition Pipeline**

94.    The Executive Defendants admit only that SDB gained value from identifying and acquiring high-quality specialty dental practices. To the extent Paragraph 94 purports to describe "TSG's investment thesis," the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 94 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 94.

95.    The Executive Defendants admit that SDB's acquisition process involved business development and a preliminary diligence phase followed by formal acquisition diligence and negotiations. The Executive Defendants admit that SDB sent target dental practices a non-binding indication of interest that generally outlined SDB's proposed terms and conditions for acquisition, which, if agreed to, was followed by a non-binding letter of intent that included more specific details about proposed terms and conditions, subject to final negotiations. The Executive Defendants further admit that if a target practice signed an LOI, SDB and the practice would enter into an exclusivity period to allow SDB to finalize diligence and legal documentation, followed by a closing. The Executive Defendants also admit that individuals from SDB sometimes referred to dental practices that SDB considered acquiring as part of an "acquisition pipeline," which was segmented into three primary categories (Initial Conversations, Pre-LOI, and Executed LOI),

27

which clearly tracked where acquisition targets were in the business development process.  The Executive Defendants deny that SDB's acquisition process was "directly and closely managed by Leon (through De Leon and Dallas) from start to finish." The Executive Defendants also deny that SDB's acquisitions of dental practices were contingent upon whether "Leon's initial diligence checked out" rather than SDB's due diligence.  To the extent Paragraph 95 purports to describe actions or knowledge of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 95 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 95.

96.     To the extent the allegations in Paragraph 96 purport to quote from or characterize an "acquisition pipeline spreadsheet" or "tracker," that document speaks for itself, and the Executive Defendants deny any characterization of that document and any allegations that are inconsistent with the contents of that document and respectfully refer the Court to that document for a complete and accurate description of its contents.  To the extent Paragraph 96 purports to describe actions of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 96 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 96.

97.     To the extent the allegations in Paragraph 97 purport to quote from or characterize documents or communications, those documents or communications speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent Paragraph 97 purports to describe communications between LCG and TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph

28

97 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 97.

98. The Executive Defendants admit only that Fernando De Leon and Hunter Dallas received updates and provided support related to SDB's acquisitions of dental practices. To the extent the allegations in Paragraph 98 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 98 purports to describe the "aware[ness]" of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 98 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 98.

99. The Executive Defendants admit only that De Leon and Dallas received updates and provided support regarding SDB's acquisitions of dental practices and the acquisition pipeline tracker and that there were regular discussions regarding the pipeline. To the extent Paragraph 99 purports to describe the knowledge or understanding of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 99 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 99.

100. The Executive Defendants deny the allegations in Paragraph 100.

### 1. TSG's Investment in SDB was Structured Around Representations About SDB's Acquisition Pipeline

101. The Executive Defendants admit only that SDB experienced rapid growth, as its practices grew from 4 in 2018 to 126 in 2021. To the extent Paragraph 101 purports to describe

actions, communications, or "need[s]" of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 101 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 101.

102.    To the extent the allegations in Paragraph 102 purport to reference or characterize documents such as the MIPA executed on July 20, 2022, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent Paragraph 102 purports to describe actions or understanding of individuals at LCG or TSG or communications between individuals at TSG and LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 102 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 102.

103.    To the extent the allegations in Paragraph 103 purport to reference or characterize documents such as the MIPA executed on July 20, 2022, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent Paragraph 103 purports to describe communications between individuals at TSG and LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 103 and, on that basis, deny them.

104.    To the extent the allegations in Paragraph 104 purport to describe the actions, "belie[fs]," or "expect[ations]" of individuals at LCG or TSG or communications between

individuals at TSG and LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 104 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 104.

105.    To the extent the allegations in Paragraph 105 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.    To the extent Paragraph 105 purports to describe actions, understanding, or motivations of individuals at LCG or TSG or communications between individuals at TSG and LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 105 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 105.

### 2.    Leon Capital Group and the SDB Executives Misrepresent the Status of Deals in the Acquisition Pipeline

106.    The Executive Defendants deny the allegations in Paragraph 106.

107.    The Executive Defendants deny the allegations in Paragraph 107.

108.    The Executive Defendants admit only that TSG requested and received substantial documentation relating to the entire active acquisition pipeline during due diligence beginning in April 2022.  To the extent the allegations in Paragraph 108 purport to quote from or characterize documents such as "practice-by-practice breakdowns of the entire active acquisition pipeline" and related communications, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete

and accurate description of their contents.  The Executive Defendants deny all other allegations in Paragraph 108.

109.    To the extent the allegations in Paragraph 109 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent Paragraph 109 purports to describe actions or communications of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 109 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 109.

110.    The Executive Defendants deny the allegations in Paragraph 110.

111.    To the extent the allegations in Paragraph 111 purport to quote from or characterize documents such as the MIPA executed on July 20, 2022, Annex 1 or "the tracker," those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent Paragraph 111 purports to describe actions or "decision[s]" of individuals at LCG or TSG or communications between individuals at TSG and LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 111 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 111.

112.    To the extent the allegations in Paragraph 112 purport to quote from or characterize documents such as the MIPA executed on July 20, 2022, those documents speak for themselves,

32

and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  The Executive Defendants deny all other allegations in Paragraph 112.

113.    To the extent the allegations in Paragraph 113 purport to quote from or characterize documents such as the MIPA executed on July 20, 2022 or "SDB's internal pipeline tracker," those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  The Executive Defendants deny all other allegations in Paragraph 113.

114.    The Executive Defendants deny the allegations in Paragraph 114.

115.    The Executive Defendants admit only that Dallas was personally involved in the creation of the trackers and received weekly updates on the status of the trackers during the deal process, and that the Executive Defendants were involved in correspondence with Hunter Dallas regarding the tracking of practice acquisitions.  To the extent the allegations in Paragraph 115 purport to reference or characterize documents such as the MIPA executed on July 20, 2022 or related emails, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent Paragraph 115 purports to describe actions or communications of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 115 and, on that basis, deny them.  To the extent the allegations in Paragraph 115 purport to describe aspects of the due

diligence process in which Schwartz was not involved, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 115 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 115.

116.    The Executive Defendants admit only that certain information regarding the acquisition pipeline was shared with De Leon.  To the extent Paragraph 116 purports to describe actions or communications of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 116 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 116.

117.    The Executive Defendants deny the allegations in Paragraph 117.

### 3.    Leon Capital Group and the SDB Executives Manipulate SDB's LOI Closure Rate

118.    The Executive Defendants deny the allegations in Paragraph 118.

119.    To the extent the allegations in Paragraph 119 purport to quote from or characterize a presentation sent by LCG to TSG, that presentation speaks for itself, and the Executive Defendants deny any characterization of that presentation and any allegations that are inconsistent with the contents of that presentation and respectfully refer the Court to that document for a complete and accurate description of its contents.  To the extent Paragraph 119 purports to describe actions, communications, or beliefs of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 119 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 119.

120.    To the extent the allegations in Paragraph 120 purport to quote from or characterize a presentation sent by LCG to TSG or other documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations

that are inconsistent with the contents of that presentation and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 120 purports to describe actions, communications, or beliefs of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 120 and, on that basis, deny them. To the extent the allegations in Paragraph 120 purport to describe aspects of the due diligence process in which Schwartz was not involved, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 120 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 120.

121. To the extent the allegations in Paragraph 121 purport to quote from or characterize a presentation sent by LCG to TSG, that presentation speaks for itself, and the Executive Defendants deny any characterization of that presentation and any allegations that are inconsistent with the contents of that presentation and respectfully refer the Court to that document for a complete and accurate description of its contents. To the extent Paragraph 121 purports to describe actions, communications, or beliefs of individuals at LCG, Jefferies, or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 121 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 121.

122. The Executive Defendants deny the allegations in Paragraph 122.

123. To the extent the allegations in Paragraph 123 purport to quote from or characterize a presentation sent by LCG to TSG and "a presentation Jefferies shared with TSG," those presentations speak for themselves, and the Executive Defendants deny any characterization of those presentations and any allegations that are inconsistent with the contents of those

35

presentations and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 123 purports to describe actions, communications, or beliefs of individuals at LCG or Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 123 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 123.

124.    The Executive Defendants deny the allegations in Paragraph 124.

125.    To the extent the allegations in Paragraph 125 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 125.

### 4.    Leon Capital Group and the SDB Executives Conceal Material Changes in SDB's Acquisition Pipeline Management

126.    The Executive Defendants deny the allegations in Paragraph 126.

127.    To the extent the allegations in Paragraph 127 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 127.

128.    To the extent the allegations in Paragraph 128 purport to quote from or characterize documents or emails, those documents or emails speak for themselves, and the Executive

Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents or emails and respectfully refer the Court to those documents or emails for a complete and accurate description of their contents.  The Executive Defendants deny all other allegations in Paragraph 128.

129.    To the extent the allegations in Paragraph 129 purport to quote from or characterize documents or emails, those documents or emails speak for themselves, and the Executive Defendants deny any characterization of those documents or emails and any allegations that are inconsistent with the contents of those documents or emails and respectfully refer the Court to those documents for a complete and accurate description of their contents.  The Executive Defendants deny all other allegations in Paragraph 129.

130.    To the extent the allegations in Paragraph 130 purport to quote from or characterize documents or emails, those documents or emails speak for themselves, and the Executive Defendants deny any characterization of those documents or emails and any allegations that are inconsistent with the contents of those documents or emails and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent Paragraph 130 purports to describe communications or actions of LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 130 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 130.

**5.    Leon Capital Group and the SDB Executives Misrepresent SDB's Relationships with Its Partner Dentists and, Thus, Its Ability to Attract New Partner Dentists**

131.    The Executive Defendants deny the allegations in Paragraph 131.

132.    The Executive Defendants admit that the satisfaction of partner dentists is important to a DSO but to the extent the allegations in Paragraph 132 contain Plaintiff's speculation with

regard to the allegation that partner dentist "dissatisfaction can have a snowball effect precipitating a DSO's failure," the Executive Defendants deny those allegations. To the extent Paragraph 132 purports to describe actions or knowledge of individuals at TSG or Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 132 and, on that basis, deny them. To the extent the third sentence in Paragraph 132 purports to characterize a document created by Jefferies that Plaintiff has not provided to the Executive Defendants, the Executive Defendants lack sufficient knowledge and information to admit or deny the allegations contained in that sentence, and therefore deny them on that basis. That document speaks for itself, and the Executive Defendants deny any characterization of that document and any allegations that are inconsistent with the contents of that document and respectfully refer the Court to that document for a complete and accurate description of its contents. The Executive Defendants deny all other allegations in Paragraph 132.

133. To the extent the allegations in Paragraph 133 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 133 purports to describe communications between LCG and TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 133 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 133.

134. The Executive Defendants admit that dentists periodically raised issues or complaints to SDB. The Executive Defendants deny all other allegations in Paragraph 134.

135. To the extent the allegations in Paragraph 135 purport to characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 135.

136. The Executive Defendants admit that TSG requested and was allowed to conduct interviews of partner dentists and site visits. To the extent the allegations in Paragraph 136 purport to characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 136.

137. To the extent Paragraph 137 purports to describe actions or knowledge of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 137 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 137.

138. To the extent the allegations in Paragraph 138 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 138.

**E.     Leon Capital Group and the SDB Executives Falsely Represent SDB's Liquidity Position**

139.    The Executive Defendants admit only that SDB experienced operational challenges in moving cash across nearly 100 different bank accounts in the first half of 2022 and that, as is typical of a family office owned business, LCG extended loans to cover working capital needs for acquisitions, but the Executive Defendants deny that that information was concealed from TSG. To the extent that Paragraph 139 purports to describe communications to or from LCG or TSG or TSG's knowledge or awareness, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 139 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 139.

140.    The Executive Defendants admit only that SDB issued earnout payments to partner dentists as part of the acquisition agreements for their practices and that LCG, as is typical of a family office owned business, extended a short-term loan to SDB to cover a liquidity shortage.  To the extent the allegations in Paragraph 140 purport to quote from or characterize documents, including communications from Harrington or the terms of a loan agreement, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those communications for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 140.

141.    The Executive Defendants admit only that SDB entered into a credit agreement with Oxford, the contents of which speak for itself. The Executive Defendants also admit that, as is typical of a family office owned business, LCG provided capital to SDB at times.  Multiple sentences, including but not limited to the second and sixth sentences, in Paragraph 141 purport to quote from or characterize documents.  Those documents speak for themselves, and the Executive

40

Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 141 state legal conclusions, particularly with regard to an interpretation of SDB's credit agreement, no response is required. The Executive Defendants deny all other allegations in Paragraph 141.

142. The Executive Defendants admit only that SDB paid back LCG's loan in March 2022. To the extent the allegations in Paragraph 142 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 142.

143. The Executive Defendants admit that, as is typical of a growing business, SDB at times had cash needs. The Executive Defendants admit that Scales sent Hunter Dallas a wire request for $700,000 in June 2022 and that LCG funded the wire request and that SDB paid back the loan in June 2022. To the extent the allegations in Paragraph 143 contain Plaintiff's speculation with regard to the effect of "[d]elayed payments from dental offices as a result of a holiday," the Executive Defendants deny those allegations. The Executive Defendants deny all other allegations in Paragraph 143, including characterizations of SDB's seeking and repayment of a short-term loan from LCG.

144. To the extent the allegations in Paragraph 144 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of

41

those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 144 purports to describe communications by, or motivations or knowledge of, individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 144 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 144.

145.    To the extent Paragraph 145 purports to describe communications by, or motivations or knowledge of, individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 145 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 145.

146.    To the extent Paragraph 146 purports to describe communications by, or motivations or knowledge of, individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to those allegations in Paragraph 146 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 146.

**F.    Leon Capital Group and the SDB Executives Conceal SDB's Risk of Losing Access to Debt Financing**

147.    The Executive Defendants deny the allegations in Paragraph 147.

148.    The Executive Defendants admit that they entered a new credit agreement with lenders represented by Oxford dated March 18, 2022. To the extent Paragraph 148 purports to quote from or characterize the agreement, that document speaks for itself, and the Executive Defendants deny any characterization of that document and any allegations that are inconsistent with the contents of that document and respectfully refer the Court to that document for a complete and accurate description of its contents. The Executive Defendants deny all other allegations in Paragraph 148.

42

149.    To the extent the allegations in Paragraph 149 state legal conclusions with regard to the interpretation of a legal agreement, no response is required.  To the extent the allegations in Paragraph 149 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those communications for a complete and accurate description of their contents.  To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 149.

150.    To the extent the allegations in Paragraph 150 state legal conclusions with regard to the interpretation of a legal agreement, no response is required.  To the extent a response is required, the Executive Defendants deny all allegations in Paragraph 150.

151.    The Executive Defendants deny the allegations in Paragraph 151.

152.    To the extent the allegations in Paragraph 152 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  The Executive Defendants deny all other allegations in Paragraph 152.

153.    To the extent the allegations in Paragraph 153 state legal conclusions with regard to the interpretation of a legal agreement, no response is required.  To the extent Paragraph 153 purports to describe actions or communications of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 153 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 153.

**VIII.  During the Diligence Period, LBMC Negligently Launders SDB's Manipulated Financials**

154.    The Executive Defendants admit that SDB engaged LBMC to audit its 2020 and 2021 financial statements in January 2022.  The Executive Defendants further admit that Patrick Greer, SDB's Controller, worked with LBMC for fiscal year 2021.  Harrington also admits that Heather Riney was an audit specialist who worked with LBMC and was assigned to the SDB financial statement audit.  To the extent that Paragraph 154 purports to describe "who led the process for LBMC," the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 154 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 154.

155.    The Executive Defendants admit that LBMC served as SDB's auditor for multiple years and that Scales was employed by LBMC as an auditor from 2009 to 2011.  The Executive Defendants further admit that LBMC provided quality-of-earnings analysis services in connection with SDB's acquisition of dental practices and that LBMC Employment Partners, LLC served as SDB's human resources and payroll processing vendor.  To the extent the allegations in Paragraph 155 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  The Executive Defendants deny all other allegations in Paragraph 155.

156.    The Executive Defendants admit that SDB was concerned about LBMC's ability to complete its audit in a timely manner according to the terms of the credit agreement.  To the extent the allegations in Paragraph 156 state legal conclusions with regard to the interpretation of a legal agreement, no response is required.  To the extent the allegations in Paragraph 156 purport to

44

describe communications among or by the Executive Defendants, the Executive Defendants deny any characterization of those communications and any allegations that are inconsistent with the contents of those communications and respectfully refer the Court to those communications for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 156.

157. To the extent the allegations in Paragraph 157 reference professional auditing standards, the Executive Defendants respectfully refer the Court to those standards for a complete and accurate description of their contents. To the extent the allegations in Paragraph 157 state legal conclusions, no response is required. To the extent Paragraph 157 purports to describe actions or knowledge of individuals at LBMC or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 157 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 157.

158. To the extent the allegations in Paragraph 158 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 158 state legal conclusions, no response is required. To the extent Paragraph 158 purports to describe actions or knowledge of individuals at LBMC, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 158 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 158.

159. To the extent the allegations in Paragraph 159 purport to characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization

of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 159 state legal conclusions, no response is required. To the extent Paragraph 159 purports to describe actions or knowledge of individuals at LBMC, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 159 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 159.

160.    To the extent the allegations in Paragraph 160 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 160 state legal conclusions, no response is required. To the extent Paragraph 160 purports to describe actions or knowledge of individuals at LBMC, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 160 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 160.

161.    To the extent Paragraph 161 purports to describe actions, knowledge, or motivation of individuals at LBMC, LCG, or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 161 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 161.

## IX.    Leon Capital Group Knowingly Participates in Making Material Misrepresentations in the MIPA to Further Induce TSG's Investment

162.    The Executive Defendants admit that LCG was involved in the operations and sale of SDB. To the extent the allegations in Paragraph 162 purport to quote from or characterize the

46

MIPA, the MIPA speaks for itself, and the Executive Defendants deny any characterization of the MIPA and any allegations that are inconsistent with the contents of the MIPA and respectfully refer the Court to the MIPA for a complete and accurate description of its contents. To the extent the allegations in Paragraph 162 state legal conclusions, no response is required. The Executive Defendants deny all other allegations in Paragraph 162.

163. To the extent the allegations in Paragraph 163 purport to quote from or characterize the MIPA or the SDB Credit Agreement, the MIPA and the SDB Credit Agreement speak for themselves, and the Executive Defendants deny any characterization of the MIPA or the SDB Credit Agreement and any allegations that are inconsistent with the contents of the MIPA or the SDB Credit Agreement and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 163 state legal conclusions, no response is required. The Executive Defendants deny all other allegations in Paragraph 163.

164. To the extent Paragraph 164 purports to describe actions or beliefs of individuals at TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 164 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 164.

**X.   Leon Capital Group and the SDB Executives Continue to Conceal the Truth about SDB's Operations to Maximize Their Cash-Out Through the Acquisition Milestone Contingency Payment**

165. The Executive Defendants deny the allegations of Paragraph 165.

166. To the extent the allegations in Paragraph 166 purport to characterize Annex 1 of the MIPA or "SDB's September 16, 2022 acquisition pipeline tracker," those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the

Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 166 purports to describe actions, communications, or knowledge of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 166 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 166.

167. To the extent the allegations in Paragraph 167 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 167.

168. To the extent Paragraph 168 purports to describe communications by or motivations, actions, or knowledge of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 168 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 168.

169. The Executive Defendants admit only that SDB offered prospective partner dentists the opportunity to earn higher up-front cash payments and lower possible earnout payments, as was common in the industry, subject to market conditions and the willingness of doctors to accept certain terms. To the extent Paragraph 169 purports to describe communications by or motivations, actions, or knowledge of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 169.

170. The Executive Defendants admit only that SDB successfully achieved the "Acquisition Milestone" by acquiring a sufficient number of dental practices between the closing of the MIPA and the October 10, 2022 Acquisition Target Date and that SDB then acquired two practices with $1 million of EBITDA following that Acquisition Target Date. The Executive Defendants further state that TSG was involved in the decision as to whether to acquire certain practices. To the extent the allegations in Paragraph 170 purport to characterize the MIPA or Annex 1, the MIPA and Annex 1 speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 170 state legal conclusions, no response is required. To the extent Paragraph 170 purports to describe communications by or motivations, actions, or knowledge of individuals at LCG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 170 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 170.

171. To the extent the allegations in Paragraph 171 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those communications for a complete and accurate description of their contents. The Executive Defendants deny all other allegations in Paragraph 171.

172. The Executive Defendants admit only that certain practice dentists periodically raised issues or complaints. To the extent the allegations in Paragraph 172 purport to quote from

49

or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those communications for a complete and accurate description of their contents. To the extent Paragraph 172 purports to describe communications among partner dentists, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 172 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 172.

173. The Executive Defendants admit that, as typical practice in corporate accounting particularly involving multi-location consolidation, Harrington, at times, applied certain manual adjustments to the general ledger in the fall of 2022 that were regularly reviewed by SDB's auditors, but deny that those adjustments departed from generally accepted accounting principles or that they could have amounted to fraud. To the extent Paragraph 173 purports to describe knowledge of individuals at TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 173 and, on that basis, deny them. To the extent the allegations in Paragraph 173 purport to describe accounting practices in which Schwartz was not involved, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 173 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 173.

174. The Executive Defendants admit only that SDB successfully achieved the "Acquisition Milestone" by acquiring a sufficient number of dental practices between the closing of the MIPA and the October 10, 2022 Acquisition Target Date and that TSG purchased equity investments in SDB for the amounts described. In response to footnote 9 of Paragraph 174, the Executive Defendants respectfully refer the Court to documents related to transaction for a

50

complete and accurate description of their contents and deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents. The Executive Defendants deny all other allegations in Paragraph 174.

**XI.    Leon Capital Group and the SDB Executives Continue to Cover Up Their Misconduct and Induce Additional Investments from TSG**

175.    The Executive Defendants deny the allegations in Paragraph 175.

176.    To the extent the allegations in Paragraph 176 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 176 purport to describe communications among or by the Executive Defendants or any other individuals at SDB, the Executive Defendants respectfully refer the Court to those communications for a complete and accurate description of their contents and deny any characterization of those communications and any allegations that are inconsistent with the contents of those communications. The Executive Defendants deny all other allegations in Paragraph 176.

177.    The Executive Defendants admit that SDB implemented certain general ledger updates in the first quarter of 2023 in accordance with GAAP. The Executive Defendants also admit that SDB implemented pro forma updates in the first quarter of 2023 in accordance with common industry practice. To the extent the allegations in Paragraph 177 purport to describe accounting practices in which Schwartz was not involved, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 177 and, on that basis, denies them. The Executive Defendants deny all other allegations in Paragraph 177 and

51

specifically deny that they made any improper accounting changes intended to inflate SDB's financial performance.

178.    To the extent the allegations in Paragraph 178 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent the allegations in Paragraph 178 purport to describe communications among or by the Executive Defendants, the Executive Defendants respectfully refer the Court to those communications for a complete and accurate description of their contents and deny any characterization of those communications and any allegations that are inconsistent with the contents of those communications. The Executive Defendants deny all other allegations in Paragraph 178.

179.    To the extent the allegations in Paragraph 179 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent the allegations in Paragraph 179 purport to describe communications among or by the Executive Defendants, the Executive Defendants respectfully refer the Court to those communications for a complete and accurate description of their contents and deny any characterization of those communications and any allegations that are inconsistent with the contents of those communications. To the extent Paragraph 179 purports to describe motivations, actions, or knowledge of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding

those allegations in Paragraph 179 and, on that basis, deny them. Scales admits that SDB received a $5 million bridge loan on June 2, 2023, which SDB did not repay before its restructuring. To the extent Paragraph 179 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 179 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 179.

180. The Executive Defendants admit that SDB, as led by TSG, continued to seek additional liquidity. To the extent Paragraph 180 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 180 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 180.

181. To the extent Paragraph 181 purports to describe communications by or motivations, actions, or knowledge of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 181 and, on that basis, deny them. To the extent Paragraph 181 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 181 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 181.

182. The Executive Defendants admit that LCG and TSG invested $7.5 million in SDB in July 2023. The Executive Defendants further admit that SDB's operating agreement was amended in 2023 but deny any characterization of that agreement and any allegations that are

inconsistent with the contents of that agreement.  The Executive Defendants respectfully refer the Court to that operating agreement for a complete and accurate description of its contents.  To the extent the allegations in Paragraph 182 state legal conclusions, particularly with regard to an interpretation of SDB's operating agreement, no response is required.  To the extent Paragraph 182 purports to describe communications by or motivations, actions, or knowledge of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 182 and, on that basis, deny them. To the extent Paragraph 182 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 182 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 182.

183.    Scales admits only that SDB appointed Patrick Bartels, an independent manager, to assist with a potential restructuring in July 2023.  To the extent Paragraph 183 purports to describe knowledge of individuals at TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 183 and, on that basis, deny them.  To the extent Paragraph 183 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 183 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 183.

## XII. In Reliance on Deloitte's Misleading Audit Report, TSG Makes Subsequent Investments to Shore up SDB's Liquidity

184.    The Executive Defendants admit that SDB engaged Deloitte to audit its financial statements for fiscal year 2022. To the extent Paragraph 184 purports to describe actions or knowledge of individuals at TSG or Deloitte, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 184 and, on that basis, deny them. To the extent Paragraph 184 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 184 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 184.

185.    To the extent the allegations in Paragraph 185 purport to quote from or characterize Deloitte's June 15, 2023 audit report, that report speaks for itself, and the Executive Defendants deny any characterization of that report and any allegations that are inconsistent with the contents of that report and respectfully refer the Court to that document for a complete and accurate description of its contents.  To the extent Paragraph 185 purports to describe events occurring after Schwartz was no longer involved in SDB's operations, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 185 and, on that basis, denies them.  The Executive Defendants deny all other allegations in Paragraph 185.

186.    To the extent the allegations in Paragraph 186 state legal conclusions, no response is required.  To the extent Paragraph 186 purports to describe actions or knowledge of individuals at Deloitte, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 186 and, on that basis, deny them.  To the extent Paragraph 186 purports to describe events occurring after Schwartz was no longer involved in

55

SDB's operations, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 186 and, on that basis, denies them. The Executive Defendants object to Plaintiff's use of and reference to privileged materials created as part of the investigation undertaken by Ropes & Gray and Alvarez & Marsal. The Executive Defendants reserve all rights to move to strike allegations relying on or disclosing such privileged materials in the event that Plaintiff refuses to voluntarily amend the Complaint. The Executive Defendants deny all other allegations in Paragraph 186.

187. The Executive Defendants admit that, as is customary, adjustments were made at times but deny that any adjustments were "suspicious" or "artificially inflated its revenues." To the extent the allegations in Paragraph 187 purport to characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 187 state legal conclusions, no response is required. To the extent Paragraph 187 purports to describe actions or knowledge of individuals at Deloitte, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 187 and, on that basis, deny them. To the extent Paragraph 187 purports to describe events occurring after Schwartz was no longer involved in SDB's operations, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 187 and, on that basis, denies them. The Executive Defendants deny all other allegations in Paragraph 187.

188. The Executive Defendants admit only that Deloitte scheduled certain meetings with Harrington to discuss SDB's audit, which was usual and customary and an expected part of the

audit process.  To the extent the allegations in Paragraph 188 purport to characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent the allegations in Paragraph 188 state legal conclusions, no response is required.  To the extent Paragraph 188 purports to describe actions or knowledge of individuals at Deloitte, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 188 and, on that basis, deny them.  To the extent Paragraph 188 purports to describe events occurring after Schwartz was no longer involved in SDB's operations, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 188 and, on that basis, denies them.  The Executive Defendants deny all other allegations in Paragraph 188.

189.    The Executive Defendants admit only that Deloitte provided a preliminary assessment to SDB, which prompted discussion between Deloitte and the Executive Defendants regarding SDB's reserve rate assumptions and SDB's cash collection rate.  To the extent the allegations in Paragraph 189 purport to characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents.  To the extent the allegations in Paragraph 189 purport to describe communications among or by the Executive Defendants, the Executive Defendants respectfully refer the Court to those communications for a complete and accurate description of their contents and deny any characterization of those communications and any allegations that are inconsistent with the contents of those

communications. To the extent Paragraph 189 purports to describe events occurring after Schwartz was no longer involved in SDB's operations, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 189 and, on that basis, denies them. The Executive Defendants deny all other allegations in Paragraph 189.

190.    To the extent the allegations in Paragraph 190 purport to characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 190 state legal conclusions, no response is required. To the extent Paragraph 190 purports to describe actions or knowledge of individuals at Deloitte or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 190 and, on that basis, deny them. To the extent Paragraph 190 purports to describe events occurring after Schwartz was no longer involved in SDB's operations, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 190 and, on that basis, denies them. The Executive Defendants deny all other allegations in Paragraph 190.

191.    The Executive Defendants admit that Deloitte did not issue any warning regarding SDB's ability to operate as a going concern for one year after the audit and that Deloitte provided a clean audit. To the extent the allegations in Paragraph 191 purport to characterize documents related to Deloitte's audit or professional standards for auditors, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent

58

the allegations in Paragraph 191 state legal conclusions, no response is required. To the extent Paragraph 191 purports to describe events occurring after Schwartz was no longer involved in SDB's operations, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 191 and, on that basis, denies them. The Executive Defendants deny all other allegations of Paragraph 191.

192. The Executive Defendants admit only that SDB did not have an audit committee, as is common for closely held private companies, and that audit results were delivered to the full Board of Directors at SDB. To the extent the allegations in Paragraph 192 purport to characterize documents related to Deloitte's audit, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 192 purports to describe events occurring after Schwartz was no longer involved in SDB's operations, Schwartz lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 192 and, on that basis, denies them. The Executive Defendants deny all other allegations in Paragraph 192.

## XIII. Leon Capital Group and the SDB Executives' Fraud Finally Comes to Light and TSG's Investments Are Extinguished

193. The Executive Defendants deny the allegations in Paragraph 193.

194. The Executive Defendants admit only that TSG's manager sent certain TSG employees to SDB's headquarters in 2023 and that SDB faced significant financial challenges in 2023. To the extent Paragraph 194 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph

194 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 194.

195. To the extent the allegations in Paragraph 195 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 195 purport to describe communications among or by the Executive Defendants, the Executive Defendants respectfully refer the Court to those communications for a complete and accurate description of their contents and deny any characterization of those communications and any allegations that are inconsistent with the contents of those communications. To the extent that Paragraph 195 purports to describe communications to or from LCG or TSG or TSG's knowledge, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 195 and, on that basis, deny them. To the extent Paragraph 195 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 195 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 195.

196. Scales admits only that SDB's board appointed Bartels as an independent board member to assist with a potential restructuring and that Ropes & Gray and Alvarez & Marsel were engaged to conduct a privileged review investigation. The Executive Defendants object to Plaintiff's use of and reference to privileged materials created as part of the investigation undertaken by Ropes & Gray and Alvarez & Marsal. The Executive Defendants reserve all rights

to move to strike allegations relying on or disclosing such privileged materials in the event that Plaintiff refuses to voluntarily amend the Complaint. To the extent the allegations in Paragraph 196 purport to characterize documents related to a purported investigation, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 196 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 196 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 196.

197. The Executive Defendants object to Plaintiff's use of and reference to privileged materials created as part of the investigation undertaken by Ropes & Gray and Alvarez & Marsal. The Executive Defendants reserve all rights to move to strike allegations relying on or disclosing such privileged materials in the event that Plaintiff refuses to voluntarily amend the Complaint. To the extent the allegations in Paragraph 197 purport to characterize documents related to a purported investigation, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent Paragraph 197 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 197 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 197.

198.    The Executive Defendants deny the allegations in Paragraph 198 and specifically deny that any adjustments that were made were in any way related to fraud.  The Executive Defendants object to Plaintiff's use of and reference to privileged materials created as part of the investigation undertaken by Ropes & Gray and Alvarez & Marsal.  The Executive Defendants reserve all rights to move to strike allegations relying on or disclosing such privileged materials in the event that Plaintiff refuses to voluntarily amend the Complaint.  To the extent Paragraph 198 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 198 and, on that basis, deny them.

199.    The Executive Defendants admit only that SDB was not able to procure incremental funding and that SDB, LCG, TSG, and SDB's other lenders entered into a restructuring agreement in March 2024.  To the extent the allegations in Paragraph 199 purport to characterize that restructuring agreement, the Executive Defendants respectfully refer the Court to that agreement for a complete and accurate description of its contents, and the Executive Defendants deny any characterization of that agreement and any allegations that are inconsistent with the contents of that agreement.  To the extent the allegations in Paragraph 199 state legal conclusions, no response is required.  To the extent Paragraph 199 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 199 and, on that basis, deny them.  The Executive Defendants deny all other allegations in Paragraph 199.

200.    To the extent the allegations in Paragraph 200 purport to characterize the terms of a Restructuring Support Agreement dated December 20, 2023, the Executive Defendants

62

respectfully refer the Court to that agreement for a complete and accurate description of its contents, and the Executive Defendants deny any characterization of that agreement and any allegations that are inconsistent with the contents of that agreement. To the extent that Paragraph 200 purports to describe communications to or from or actions of individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 200 and, on that basis, deny them. To the extent Paragraph 200 purports to describe events occurring after Schwartz and Harrington were no longer involved in SDB's operations, Schwartz and Harrington lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 200 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 200.

201. The Executive Defendants admit only that the Executive Defendants and LCG sold shares when TSG purchased portions of their equity stakes in SDB in September 2022. The Executive Defendants deny all other allegations in Paragraph 201.

202. To the extent that Paragraph 202 purports to describe actions, motivations, or knowledge of individuals at TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 202 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 202.

## COUNT I
### Fraudulent Misrepresentation
**(Against Leon Capital Group, Fernando De Leon, and the SDB Executives)**

203. The Executive Defendants repeat each answer above as if fully set forth herein.

204. To the extent the allegations in Paragraph 204 purport to quote from or characterize the MIPA, the MIPA speaks for itself, and the Executive Defendants deny any characterization of the MIPA and any allegations that are inconsistent with the contents of the MIPA and respectfully refer the Court to that document for a complete and accurate description of its contents. To the

63

extent the allegations in Paragraph 204 state legal conclusions, no response is required. To the extent Paragraph 204 purports to describe motivations, actions, or knowledge of Fernando De Leon or individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 204 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 204.

205. To the extent the allegations in Paragraph 205 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 205 state legal conclusions, no response is required. To the extent Paragraph 205 purports to describe Jefferies' "under[standing]," the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 205 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 205.

206. Subsections (a) through (f) of Paragraph 206 purport to quote from or characterize documents. Those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 206 purport to describe communications among or by the Executive Defendants, the Executive Defendants respectfully refer the Court to those communications for a complete and accurate description of their contents and deny any characterization of those communications and any allegations that are inconsistent with the contents of those communications. To the extent that Paragraph 206 purports to describe

64

communications from Fernando De Leon, LCG, or Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 206 and, on that basis, deny them. To the extent the allegations in Paragraph 206 state legal conclusions, no response is required. The Executive Defendants deny all other allegations in Paragraph 206.

207. To the extent the allegations in Paragraph 207 state legal conclusions, no response is required. To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 207.

208. To the extent the allegations in Paragraph 208 state legal conclusions, no response is required. To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 208.

209. To the extent the allegations in Paragraph 209 state legal conclusions, no response is required. To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 209.

210. To the extent the allegations in Paragraph 210 state legal conclusions, no response is required. To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 210.

211. The Executive Defendants deny the allegations of Paragraph 211.

**COUNT II**
**Fraudulent Misrepresentation – MIPA**
**(Against Leon Capital Group and Fernando De Leon)**

212. The Executive Defendants repeat each answer above as if fully set forth herein.

213. To the extent the allegations in Paragraph 213 purport to quote from or characterize the MIPA, the MIPA speaks for itself, and the Executive Defendants deny any characterization of the MIPA and any allegations that are inconsistent with the contents of the MIPA and respectfully

refer the Court to that document for a complete and accurate description of its contents. To the extent the allegations in Paragraph 213 state legal conclusions, no response is required. To the extent Paragraph 213 purports to describe motivations, actions, or knowledge of Fernando De Leon or individuals at LCG or TSG, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding those allegations in Paragraph 213 and, on that basis, deny them. The Executive Defendants deny all other allegations in Paragraph 213.

214.    To the extent the allegations in Paragraph 214 purport to quote from or characterize documents, those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 214 state legal conclusions, no response is required. The Executive Defendants deny all other allegations in Paragraph 214.

215.    The Executive Defendants deny the allegations in Paragraph 215.

216.    To the extent the allegations in Paragraph 216 purport to quote from or characterize the MIPA, the MIPA speaks for itself, and the Executive Defendants deny any characterization of the MIPA and any allegations that are inconsistent with the contents of the MIPA and respectfully refer the Court to that document for a complete and accurate description of its contents. To the extent the allegations in Paragraph 216 state legal conclusions, no response is required. The Executive Defendants deny all other allegations in Paragraph 216.

217.    To the extent the allegations in Paragraph 217 state legal conclusions, no response is required. To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 217.

218.     To the extent the allegations in Paragraph 218 state legal conclusions, no response is required.  To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 218.

219.     To the extent the allegations in Paragraph 219 state legal conclusions, no response is required.  To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 219.

220.     To the extent the allegations in Paragraph 220 state legal conclusions, no response is required.  To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 220.

221.     The Executive Defendants deny the allegations of Paragraph 221.

**COUNT III**
**Aiding and Abetting Fraud**
**(Against Leon Capital Group and De Leon)**

222.     The Executive Defendants repeat each answer above as if fully set forth herein.

223.     To the extent the allegations in Paragraph 223 state legal conclusions, no response is required.  To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 223.

224.     To the extent the allegations in Paragraph 224 state legal conclusions, no response is required.  To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 224.

225.     To the extent the allegations in Paragraph 225 state legal conclusions, no response is required.  The Executive Defendants deny all other allegations in Paragraph 225.

226.     Subsections (a) through (e) of Paragraph 226 purport to quote from or characterize documents.  Those documents speak for themselves, and the Executive Defendants deny any characterization of those documents and any allegations that are inconsistent with the contents of

67

those documents and respectfully refer the Court to those documents for a complete and accurate description of their contents. To the extent the allegations in Paragraph 226 purport to describe communications among or by the Executive Defendants, the Executive Defendants respectfully refer the Court to those communications for a complete and accurate description of their contents and deny any characterization of those communications and any allegations that are inconsistent with the contents of those communications. To the extent that Paragraph 226 purports to describe communications from Fernando De Leon or LCG or Jefferies, the Executive Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 226 and, on that basis, deny them. To the extent the allegations in Paragraph 226 state legal conclusions, no response is required. The Executive Defendants deny all other allegations in Paragraph 226.

227. To the extent the allegations in Paragraph 227 state legal conclusions, no response is required. To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 227.

228. To the extent the allegations in Paragraph 228 state legal conclusions, no response is required. To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 228.

229. To the extent the allegations in Paragraph 229 state legal conclusions, no response is required. To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 229.

230. The Executive Defendants deny the allegations in Paragraph 230.

231. The Executive Defendants deny the allegations in Paragraph 231.

232. The Executive Defendants deny the allegations of Paragraph 232.

## COUNT IV
### Negligent Misrepresentation
### (Against Leon Capital Group and Fernando De Leon)

233.    The Executive Defendants repeat each answer above as if fully set forth herein. Footnote 10 states legal conclusions to which no response is required.

234.    By Order dated March 5, 2026, the Court dismissed Count IV against LCG. Accordingly, no response is required. To the extent a response is required, the Executive Defendants deny any remaining allegations in Paragraph 234.

235.    By Order dated March 5, 2026, the Court dismissed Count IV against LCG. Accordingly, no response is required. To the extent a response is required, the Executive Defendants deny any remaining allegations in Paragraph 235.

236.    By Order dated March 5, 2026, the Court dismissed Count IV. Accordingly, no response is required. To the extent a response is required, the Executive Defendants deny any remaining allegations in Paragraph 236.

237.    By Order dated March 5, 2026, the Court dismissed Count IV against LCG. Accordingly, no response is required.  To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 237.

238.    By Order dated March 5, 2026, the Court dismissed Count IV against LCG. Accordingly, no response is required.  To the extent the allegations in Paragraph 238 state legal conclusions, no response is required.  To the extent a response is required, the Executive Defendants deny the allegations in Paragraph 238.

239.    By Order dated March 5, 2026, the Court Dismissed Count IV against LCG. Accordingly, no response is required. To the extent a response is required, the Executive Defendants deny any remaining allegations in Paragraph 239.

69

240.     By Order dated March 5, 2026, the Court Dismissed Count IV against LCG. Accordingly, no response is required. To the extent a response is required, the Executive Defendants deny any remaining allegations in Paragraph 240.

241.     By Order dated March 5, 2026, the Court dismissed Count IV against LCG. Accordingly, no response is required. To the extent a response is required, the Executive Defendants deny any remaining allegations in Paragraph 241 and deny that TSG has incurred any damages as a result of any conduct on the part of the Executive Defendants or are entitled to any relief.

## RESPONSE TO RELIEF DEMANDED

The Executive Defendants admit that TSG purports to seek relief for alleged damages.  The Executive Defendants deny that TSG has incurred any damages as a result of any conduct on the part of any of the Executive Defendants or are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim, in whole or in part, upon which relief can be granted. Plaintiff fails to comply with the particularity requirements of Federal Rule of Civil Procedure 9(b), neglecting to identify, *inter alia*, any specific misrepresentation, statement, or representation by each of the Executive Defendants to Plaintiff upon which Plaintiff could have reasonably relied.  Plaintiff cannot adequately allege that it reasonably relied upon any purported misrepresentation of the Executive Defendants because Plaintiff disclaimed reliance upon any representations outside of those contained in the MIPA, to which the Executive Defendants are not even parties. (*See* Amend. Compl., Ex. 1 at § 8.1.) The Amended Complaint fails to the extent it

70

seeks to bootstrap allegations of purported corporate mismanagement—which would be appropriate only in a derivative suit—into a fraud claim.

## SECOND DEFENSE

Plaintiff's claims fail because it has suffered no damages. The MIPA contains an anti-reliance provision, in which Plaintiff expressly acknowledged and agreed that Plaintiff had not received, and was not relying upon, any extracontractual statements such as those purportedly forming the basis for Plaintiff's claims against the Executive Defendants. Plaintiff cannot claim to have been damaged by statements made prior to and not contained in the MIPA. Further, Plaintiff has not adequately alleged how supposedly fraudulent statements from the Executive Defendants resulted in direct and concrete loss in the amount of Plaintiff's full investment when the dental market and the market for private credit were also undergoing significant changes at the time Plaintiff made its investment. Plaintiff has not provided any facts or otherwise alleged that the Executive Defendants' conduct was gross, oppressive or aggravated such that an award of punitive damages would be appropriate.  Plaintiff also has not provided any facts or otherwise alleged circumstances that would justify an award of attorneys' fees or costs.

## THIRD DEFENSE

The damages suffered by Plaintiff, if any, are attributable, in whole or in part, to the conduct of Plaintiff or persons or entities other than the Executive Defendants. The Amended Complaint identifies only allegedly fraudulent misrepresentations made to TSG by LCG or Jefferies, and not by any of the Executive Defendants. Plaintiff further disclaimed reliance on all extracontractual statements when it executed the MIPA. Finally, following its investment, Plaintiff exercised control over, mismanaged, and subsequently decided to abandon its investment in SDB to avoid

71

accepting responsibility for its own mismanagement, voluntarily forfeiting the benefit of its investment.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands. Plaintiff waived any financial discrepancies during the diligence process of Project Trifecta when it executed the anti-reliance provision in the MIPA. Plaintiff was then actively involved in the management of SDB (including the purported post-closing mismanagement it alleges) and had full access to SDB's financials, which Plaintiff presented to lenders in 2023. Plaintiff then chose to abandon its investment in SDB, voluntarily forfeiting the remaining benefit of its investment.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, under the equitable doctrine of acquiescence. Plaintiff waived any financial discrepancies during the diligence process of Project Trifecta when it executed the anti-reliance provision in the MIPA. Plaintiff was then actively involved in the management of SDB (including the purported post-closing mismanagement it alleges) and had full access to SDB's financials. Plaintiff used SDB's financial statements to present to lenders in 2023. Plaintiff cannot now allege it was deceived about those same financials which it did not object to prior to or during the course of its investment in SDB.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of equitable estoppel. Plaintiff waived any financial discrepancies during the diligence process of Project Trifecta when it executed the anti-reliance provision in the MIPA. Plaintiff was then actively involved in the management of SDB (including much of the purported post-closing mismanagement it alleges) and had full access to SDB's financials. Plaintiff used SDB's financial

statements to present to lenders in 2023. Plaintiff cannot now allege it was deceived about those same financials which it did not object to prior to or during the course of its investment in SDB.

## SEVENTH DEFENSE

The relief sought in the Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its claimed damages. Plaintiff chose to fully abandon its investment in SDB in 2023, voluntarily forfeiting the remaining benefit of its investment.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because they have been waived and/or released. Plaintiff expressly disclaimed reliance on statements made outside of the MIPA when it executed the MIPA. Plaintiff then had full access to all of SDB's financials immediately following Plaintiff's initial investment in September 2022. Plaintiff continued to rely on and present these financials as accurate despite having full access to information that Plaintiff now alleges demonstrates fraud. Plaintiff further signed a full release of any claims it may have against SDB and its agents when it agreed to the restructuring, which release should fully apply to the Executive Defendants.

## NINTH DEFENSE

Plaintiff's claims are barred based upon the Parol Evidence Rule. The MIPA contains an anti-reliance provision in which Plaintiff expressly acknowledged and agreed that Plaintiff had not received, and was not relying upon, any extracontractual statements such as those purportedly forming the basis for Plaintiff's claims against the Executive Defendants. (*See* Amend. Compl., Ex. 1 at § 8.1.)

**TENTH DEFENSE**

Plaintiff's recoveries, if any, are limited by the terms, conditions, limitations, and other provisions of applicable contracts. The MIPA contains an anti-reliance provision in which Plaintiff expressly acknowledged and agreed that Plaintiff had not received, and was not relying upon, any extracontractual statements such as those purportedly forming the basis for Plaintiff's claims against the Executive Defendants. (*See* Amend. Compl., Ex. 1 at § 8.1.) Plaintiff further signed a full release of any claims it may have against SDB and its agents when it agreed to the restructuring, which release should fully apply to the Executive Defendants.

**ELEVENTH DEFENSE**

The Complaint fails to allege facts sufficient to support an award of actual, compensatory, consequential, punitive, or exemplary damages, and any losses sustained by Plaintiff are nominal, *de minimis*, remote, speculative, or transient, and are not cognizable at law. The MIPA contains an anti-reliance provision, in which Plaintiff expressly acknowledged and agreed that Plaintiff had not received, and was not relying upon, any extracontractual statements such as those purportedly forming the basis for Plaintiff's claims against the Executive Defendants. Plaintiff cannot claim to have been damaged by statements made prior to and not contained in the MIPA. Further, Plaintiff has not adequately alleged how supposedly fraudulent statements from the Executive Defendants resulted in direct and concrete loss in the amount of Plaintiff's full investment when the dental market and the market for private credit were also undergoing significant changes at the time Plaintiff made its investment, and when the loss of which Plaintiff complains was the direct result of Plaintiff's own mismanagement of SDB. Plaintiff has not provided any facts or otherwise alleged that the Executive Defendants' conduct was gross, oppressive or aggravated such that an

74

award of punitive damages would be appropriate. Plaintiff also has not provided any facts or otherwise alleged circumstances that would justify an award of attorneys' fees or costs.

## TWELFTH DEFENSE

The Executive Defendants did not violate any duty owed to Plaintiff under common law, contract, statute, regulations, or standards. Plaintiff fails to plead any facts showing that the Executive Defendants had any relationship to Plaintiff that would give rise to an independent duty of disclosure. Plaintiff further disclaimed reliance upon any representations outside of those contained in the MIPA, to which the Executive Defendants are not even parties.

## THIRTEENTH DEFENSE

The Executive Defendants did not proximately cause Plaintiff's alleged damages. Plaintiff has not adequately alleged how supposedly fraudulent statements from the Executive Defendants resulted in direct and concrete loss in the amount of Plaintiff's full investment when the dental market and the market for private credit were also undergoing significant changes at the time Plaintiff made its investment, and where Plaintiff's own mismanagement of SDB directly caused its losses.

## FOURTEENTH DEFENSE

The Amended Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). The Amended Complaint does not contain the required particularized allegations that each of the Executive Defendants made specific misrepresentations to Plaintiff, with the necessary intent, upon which Plaintiff reasonably relied to its detriment. Plaintiff's vague assertions that the Executive Defendants took unspecified, behind-the-scenes actions or otherwise engaged in general mismanagement of SDB do not come close to meeting the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that all averments of fraud be

75

pleaded with particularity. Instead, Plaintiff relies on generalized "group pleading" to allege that the Executive Defendants took certain actions in concert with each other and with Leon, none of which contain specific allegations of false statements made by the Executive Defendants to Plaintiff nor do they attribute any motive or intent for the alleged fraud to the Executive Defendants.

### FIFTEENTH DEFENSE

Plaintiff did not reasonably rely on any of the alleged misrepresentations and omissions forming the basis for Plaintiff's claims. The MIPA contains an anti-reliance provision, in which Plaintiff expressly acknowledged and agreed that Plaintiff had not received, and was not relying upon, any extracontractual statements such as those purportedly forming the basis for Plaintiff's claims against the Executive Defendants. (*See* Amend. Compl., Ex. 1 at § 8.1.) Further, Plaintiff was notified of discrepancies in SDB's financials but accepted or waived those discrepancies and decided to move forward with the investment and execute the MIPA. To the extent Plaintiff now alleges it relied on certain representations, such reliance was not reasonable.

### SIXTEENTH DEFENSE

Plaintiff did not plead any strong inference of scienter or actual knowledge or intent to commit fraud on the part of the Executive Defendants. Plaintiff does not allege that the Executive Defendants knew or believed that representations were false when made. Plaintiff relies on vague assertions that the Executive Defendants took unspecified, behind-the-scenes actions and

76

otherwise engaged in general mismanagement of SDB, but Plaintiff does not allege any motive or intent for the alleged fraud by the Executive Defendants.

## SEVENTEENTH DEFENSE

All statements upon which Plaintiff purports to base its claims are true and accurate. Plaintiff has not pointed to any statement made by the Executive Defendants that was false. The Amended Complaint contains only generalized references to actions allegedly taken and statements purportedly made by the Executive Defendants, actions or statements made by others that Plaintiff tries to attribute to the Executive Defendants, and mere allegations of mismanagement, not fraud.

## RESERVATION OF RIGHTS

The Executive Defendants reserve the right to raise any additional defenses of which they become aware through discovery or other investigation. In asserting affirmative defenses, the Executive Defendants do not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

POTTER ANDERSON & CORROON LLP

*Of Counsel*:

Britt K. Latham
Joseph B. Crace, Jr.
Allison Acker
BASS, BERRY & SIMS PLC
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-6200


Dated: April 17, 2026

*/s/ Aaron R. Sims*
T. Brad Davey (No. 5094)
Aaron R. Sims (No. 6073)
Nina N. Monzack (No. 7356)
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
(302) 984-6000
bdavey@potteranderson.com
asims@potteranderson.com
nmonzack@potteranderson.com

*Counsel for Defendants Christopher Scales, Daniel Harrington and Stuart Michael Schwartz*

77